IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DWAYNE DOUGLAS, | * | |
| Petitioner | * | |
| | * | Case No.: MJM-24-1544 |
| v. | * | |
| TIMOTHY STEWART, WARDEN, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This matter is before the Court on Respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment. ECF No. 5. Petitioner Dwayne Douglas, currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") determination that he is ineligible for a sentence reduction under the Residential Drug Abuse Program ("RDAP"). ECF No. 1. Petitioner did not file a response to the motion. For the reasons set forth below, Respondent's motion is GRANTED.

## I.     FACTUAL BACKGROUND

The following facts are drawn from allegations in the petition filed by Dwayne Douglas ("Petitioner"), ECF No. 1, and materials attached to the Motion to Dismiss or, in the Alternative, for Summary Judgment filed by the Warden of FCI Cumberland ("Respondent"), ECF Nos. 5, 5-1, 5-2.

Petitioner is currently incarcerated at FCI Cumberland, serving a 96-month sentence. ECF No. 1, ¶ 2; ECF No. 5-1, ¶ 8; *United States v. Dwayne Heywood Douglas*, Crim. No. DKC-20-249, ECF No. 88. On September 27, 2021, pursuant to a plea agreement, Petitioner entered a guilty plea to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. ECF No. 1, ¶ 5; ECF No. 5-1, ¶ 8; *Douglas*, Crim. No. DKC-20-249, ECF No. 86. The sentencing court applied a two-level specific offense characteristic enhancement under the United States Sentencing Guidelines § 2D1.1(b)(1) based on Petitioner's possession of a firearm during the offense, as stipulated in the parties' plea agreement. ECF No. 5-1, ¶¶ 22, 25; *Douglas*, Crim. No. DKC-20-249, ECF No. 90. Following sentencing, BOP assessed Petitioner for participation in RDAP, a 500-hour substance abuse treatment program authorized under 18 U.S.C. § 3621(e). ECF No. 5-1, ¶ 12. Petitioner was determined to be clinically eligible for RDAP and was enrolled in the program. ECF No. 1, ¶ 5. However, on January 9, 2023, BOP completed an offense review and determined that Petitioner was ineligible for early release under § 3621(e)(2)(B) because of the firearm enhancement associated with his offense. ECF No. 5-1, ¶ 19. That determination was approved by BOP's Assistant General Counsel on January 23, 2023. *Id.* Petitioner did not contest the facts underlying the enhancement or BOP's review process.

## II. PROCEDURAL HISTORY

On May 28, 2024, Petitioner filed this habeas petition under 28 U.S.C. § 2241, challenging the BOP's denial of early release eligibility under § 3621(e). ECF No. 1, ¶ 5. Petitioner argues that the BOP's determination contravenes the sentencing court's intent and violates his rights under the Eighth Amendment. *Id.* ¶ 8. He asks the Court either to declare him eligible for early release or to strike the sentence enhancement from his record. *Id.* ¶ 11. On October 9, 2024, Respondent

filed a response and a motion to dismiss the petition, or, in the alternative, for summary judgment. ECF No. 5. Petitioner did not file a response to Respondent's motion. The motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).

## III.    STANDARD OF REVIEW

### A.  Subject Matter Jurisdiction Under Rule 12(b)(1)

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A defendant's facial challenge "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, Civ. No. JRR-21-01889, 2024 WL 493269, at *2 (D. Md. Feb. 8, 2024).

A factual challenge, on the other hand, asserts "that the jurisdictional allegations of the complaint are not true." *Trump*, 416 F. Supp. 3d at 479 (cleaned up) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a factual challenge, the court "is entitled to decide disputed issues of fact with respect to subject matter jurisdiction. . . . In that circumstance, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (internal

quotation marks and citations omitted); *see also U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (court may consider evidence outside the pleadings, such as affidavits). However, "[i]f the jurisdictional facts are so intertwined with the facts upon which the ultimate issues on the merits must be resolved, . . . the entire factual dispute is appropriately resolved only by a proceeding on the merits . . . ." *Jadhav*, 555 F.3d at 348 (internal quotation marks omitted) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219–20 (4th Cir. 1982)).

### B. Failure to State a Claim Under Rule 12(b)(6) and Conversion to Summary Judgment Under Rule 56

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and "draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). The "well-pled facts in the complaint" must be "viewed in the light most favorable to the plaintiff." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). If the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56[,]" but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The U.S. Court of Appeals for the Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)).

Converting a motion to dismiss to a summary judgment motion is not appropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. Du Pont de Nemours & Co. v. Kolton Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The party opposing conversion may file a declaration pursuant to Rule 56(d) explaining the reasons why "it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d); *see also McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483–84 (4th Cir. 2014) (quoting

*Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Yet failure to file such an affidavit is "not necessarily fatal where the 'nonmoving party has adequately informed the court that . . . more discovery is necessary.'" *Sol v. M&T Bank*, 713 F. Supp. 3d 89, 100 (D. Md. 2024) (quoting *Harrods*, 302 F.3d at 244–45); *see also Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) (courts have "complete discretion" to deny conversion even where no Rule 56(d) affidavit has been filed). Generally, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. 5 Wright & Miller, Fed. Prac. & Proc. § 1366 (3d ed. 2004).

## IV.    DISCUSSION

### A.  Conversion to Motion for Summary Judgment

Respondent styled its motion as one to dismiss or, in the alternative, for summary judgment and attached declarations and exhibits in support of its request for relief. *See* ECF Nos. 5, 5-1, 5-2. This filing placed Petitioner on notice that the motion could be resolved under Federal Rule of Civil Procedure 56. *See, e.g.*, *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 178 n.2 (4th Cir. 2018) ("[Petitioner] was on notice that the motion could be converted to one for summary judgment because [defendants] styled it in the alternative . . . ."). Where a motion styled in the alternative is supported by extrinsic evidence and the nonmovant has sufficient notice and opportunity to respond, courts must treat it as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Rule 56(d) further allows a nonmovant to request time to obtain discovery if the party cannot present facts necessary to oppose summary judgment. *See* Fed. R. Civ. P. 56(d).

Here, Petitioner did not file any response in opposition to Respondent's motion, nor did he request an opportunity to conduct discovery under Rule 56(d). He has not identified any factual

disputes requiring resolution through evidentiary development. Because Petitioner has not opposed Respondent's motion, contested the materials attached to Respondent's motion, or sought discovery, the Court will construe Respondent's motion under Rule 56 and resolve it accordingly.

### B. Petitioner's Claims

Petitioner challenges BOP's determination that he is ineligible for early release under RDAP, despite his participation and near completion of the program. ECF No. 1, ¶ 5. He alleges that the denial of RDAP sentence reduction violates the Eighth Amendment's prohibition against cruel and unusual punishment and frustrates the intent of the sentencing court, which recommended he receive the benefits of full participation in the program. *Id.* ¶ 10. Petitioner asks the Court to either compel BOP to grant him eligibility for the sentence reduction or to strike the firearm enhancement that formed the basis of BOP's determination. *Id.* ¶ 11.

### 1. Applicable Law

A federal prisoner may challenge the execution of his sentence—including certain decisions made by BOP—through a petition for habeas corpus under 28 U.S.C. § 2241. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). However, 18 U.S.C. § 3625 limits judicial review of discretionary BOP decisions made under 18 U.S.C. §§ 3621–3624. 18 U.S.C. § 3625. Specifically, § 3625 provides that "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5 [i.e., the Administrative Procedure Act] . . . do not apply to the making of any determination, decision, or order" under those sections. *Id.* Courts have consistently interpreted this provision as precluding judicial review of BOP's individualized, discretionary decisions regarding sentence reduction eligibility under § 3621(e). *See Adams v. Stewart*, Civ. No. PWG-19-1047, 2020 WL 363398, at *3 (D. Md. Jan. 22, 2020).

Under 18 U.S.C. § 3621(e)(2)(B), BOP "may" reduce the sentence of a prisoner convicted

of a nonviolent offense who successfully completes RDAP. 18 U.S.C. § 3621(e)(2)(B). The use of the word "may" in the statute confirms that BOP's decision to grant early release is discretionary, not mandatory. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Pursuant to that discretion, BOP promulgated 28 C.F.R. § 550.55(b)(5)(ii), which categorically excludes from early release consideration any prisoner whose offense involved possession of a firearm or dangerous weapon. 28 C.F.R. § 550.55(b)(5)(ii). BOP Program Statement 5162.05 likewise directs exclusion of inmates whose sentencing included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1).

To state a cognizable claim under the Eighth Amendment, a prisoner must allege punishment that is "grossly disproportionate" to the offense or that results in the "unnecessary and wanton infliction of pain." *See Estelle v. Gamble*, 429 U.S. 97, 103 & n.7 (1976) (quoting and citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A lawful sentence, even when coupled with a discretionary determination of ineligibility for sentence-reduction incentives, does not implicate the Eighth Amendment unless it imposes an atypical or significant hardship beyond the ordinary incidents of incarceration. *See id.* Moreover, a sentencing court's recommendation that a defendant be placed in a particular program, including RDAP, does not bind BOP. Courts have routinely held that BOP retains exclusive authority to determine placement and sentence reduction eligibility under § 3621(e), regardless of judicial recommendation. *See Tapia v. United States*, 564 U.S. 319, 330–31 (2011).

### 2. Analysis

Petitioner challenges BOP's decision to deny him eligibility for early release under 18 U.S.C. § 3621(e), despite his participation in RDAP. ECF No. 1, ¶ 11. He argues that the denial is contrary to the intent of the sentencing court and violates the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* ¶ 10. The Court concludes that neither claim survives dismissal.

Contrary to Petitioner's contentions, the law is clear that BOP has exclusive authority over both prison placement and eligibility for sentence reductions under § 3621(e). In *Lopez v. Davis*, the Supreme Court held that the statute's use of "may" reflects the BOP's discretionary authority to reduce a sentence and to determine which prisoners qualify for that benefit. 531 U.S. at 241. Courts have consistently held that a sentencing court's recommendation for RDAP does not bind the BOP. *See Tapia*, 564 U.S. at 331; *Adams*, 2020 WL 363398, at *3.

Petitioner does not dispute that his offense level for conspiracy to distribute cocaine was properly enhanced by two levels under U.S.S.G. § 2D1.1(b)(1) based on his possession of a firearm. ECF No. 1, ¶¶ 7–8. Pursuant to its authority, BOP promulgated 28 C.F.R. § 550.55(b), which categorically excludes inmates from early release if the offense for which they are serving a sentence involved the possession of a dangerous weapon. 28 C.F.R. § 550.55(b)(5)(ii). BOP's Program Statement 5162.05 likewise deems prisoners ineligible for early release under § 3621(e) when their offense is accompanied by a firearm enhancement. As this Court has previously recognized, BOP retains discretion to deny RDAP sentence reductions based on specific offense characteristics, including firearm possession. *See Adams*, 2020 WL 363398, at *3.

Petitioner argues that denial of the RDAP sentence reduction constitutes cruel and unusual punishment in violation of the Eighth Amendment. ECF No. 1, ¶ 10. The Eighth Amendment prohibits only those punishments that are grossly disproportionate or that involve the wanton infliction of pain. *See Estelle*, 429 U.S. at 103 & n.7 (citations omitted); *Farmer*, 511 U.S. at 834. The denial of eligibility for a discretionary early release incentive does not extend the term of incarceration beyond that imposed by the sentencing court. Courts have repeatedly held that a prisoner does not have a protected liberty interest in early release under 18 U.S.C. § 3621(e) because eligibility for a sentence reduction under the statute is wholly discretionary. *See*

9

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Lopez*, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Pelissero v. Thompson*, 170 F.3d 442, 444 (4th Cir. 1999) ("While eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners.").

Petitioner does not allege any facts suggesting that BOP's decision was arbitrary, retaliatory, or based on inaccurate information. To the contrary, BOP followed its standard review process, consulted the Presentence Investigation Report, identified the applicable enhancement, and denied eligibility based on an established policy. *See* ECF No. 5-1, ¶ 19. That determination was reviewed and approved by BOP's Assistant General Counsel, and Petitioner received formal notice. *Id.* While the result may be disappointing to Petitioner, it does not give rise to a constitutional violation.

Finally, Petitioner's argument that the Court should "strike the enhancement" from his sentence misapprehends the role of habeas review under § 2241. A petition under § 2241 may be used to challenge the execution of a sentence but not to lodge a collateral attack on the underlying sentence or judgment entered by the sentencing court. *See In re Vial*, 115 F.3d at 1194 n.5. This Court lacks jurisdiction to modify or invalidate the sentencing court's findings under the guise of reviewing RDAP eligibility.

Ultimately, Petitioner fails to identify any legal or factual basis that would permit this Court to disturb BOP's discretionary determination under § 3621(e). His claims are foreclosed by statute, unsupported by the Eighth Amendment, and procedurally improper to the extent they seek to rewrite the sentencing record. Accordingly, the petition must be dismissed.

**V.    CONCLUSION**

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction to review BOP's discretionary determination that Petitioner is ineligible for early release under 18 U.S.C. § 3621(e). Even if jurisdiction existed, the record before the Court establishes that Respondent is entitled to judgment as a matter of law. Accordingly, Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment, shall be granted.

A separate Order will follow.

_9/16/25_                                              _____/S/_____
Date                                                   Matthew J. Maddox
                                                       United States District Judge